**Felipe LUNA, also known as Nery Felipe Luna, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 12–60966
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 2013.

Roberto M. Hinojosa, Esq. Houston, TX, for Petitioner.

Janette Louise Allen, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM: *

Felipe Nery Luna is a native and citizen of El Salvador who entered the United States without authorization. He was charged with being removable on account of his unauthorized entry and because he was convicted of aggravated assault with a deadly weapon, which the immigration judge (IJ) deemed a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Luna applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ ordered Luna deported to El Salvador.

The Board of Immigration Appeals (BIA) concluded that Luna's claims for asylum and withholding of removal were barred because his prior conviction for aggravated assault with a deadly weapon was a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). The IJ found no merit to the CAT claim. The BIA also concluded on the merits that Luna had failed to allege the facts necessary to show entitlement to asylum, withholding of removal, or CAT relief. *See Chen v. Gonzales*, 470 F.3d 1131, 1135–39 (5th Cir. 2006) (explaining the requirements for those three forms of relief from removal). Luna filed a timely petition for review.

Luna contends only that his claims are not barred by the aggravated assault conviction, which he says cannot be a particularly serious crime because it is not an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(F) & 1231(b)(3)(B). We

need not resolve this issue because Luna has failed to brief, and has thus abandoned, any challenge to the BIA's alternative determination that he is not entitled to relief on the merits. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003) (noting that issues not briefed are deemed abandoned).

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.